**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

March 31, 2009

BY HAND DELIVERY

Honorable Denny Chin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>           **Re:   United States v. Bernard L. Madoff**
>                  09 Cr. 213 (DC)

Dear Judge Chin:

The Government respectfully submits this letter in connection with the application by NBC and ABC to unseal and make publicly available all the sealed items on the docket in the above-referenced case.  This letter addresses the sealed documents that appear on the docket other than emails submitted by victims of the fraud in this case.  The Government is filing a separate submission today with respect to the victim emails.

At the outset, the Government consents in large part to the unsealing of one document, a March 6, 2009 letter from Assistant U.S. Attorney Marc Litt to the Honorable Lawrence M. McKenna, United States District Judge (the "March 6 Letter"), and to the unsealing of certain exhibits attached to the March 6 Letter.  However, the remaining documents were properly filed under seal and should not be unsealed at this stage of the proceedings.  Those documents were filed under seal because they contain sensitive, confidential information regarding the ongoing efforts of law enforcement both in the United States and abroad to investigate the Madoff fraud.  The Government is also submitting a second letter, filed under seal and submitted for the Court's *in camera* review, which more specifically describes the Government's opposition to the unsealing request (the "*In Camera* Submission").  A copy of the March 6, 2009 Letter reflecting the Government's proposed redactions is enclosed with the *In Camera* Submission.

**ARGUMENT**

The Honorable Denny Chin
March 31, 2009
Page 2

## The Request by NBC and ABC to Unseal the
## March 6 Letter Should Be Granted In Part

The March 6 Letter describes the Government's efforts to ensure that forfeiture actions taken against the Madoffs' property did not contravene the January 16, 2009 bail order issued by Judge McKenna in the criminal action ("Bail Order"), which appears in the criminal case docket and is attached to the March 6 Letter at Exhibit A.  To the extent the March 6 Letter refers to, discusses and attaches information that is already available to the public or that will not otherwise impede the Government's ongoing criminal investigation, the Government has no objection to its unsealing.  However, portions of the March 6 Letter should remain under seal for the reasons discussed in the *in camera* submission to the Court.  The Government has redacted these portions of the March 6 Letter and enclosed a copy of the redacted version with the *in camera* submission.

A.     The Background Discussion Should be Unsealed in Part.

The Background section of the March 6 Letter discusses the provisions in the Bail Order that restrict the defendant and his wife, Ruth Madoff, from transferring or disposing of personal assets.  First, the Government explains that the Bail Order incorporates the restraints on property transfers imposed in the civil enforcement action brought by the Securities and Exchange Commission ("SEC") against the defendant and Bernard L. Madoff Investment Securities LLC ("BLMIS"), and presided over by the Honorable Louis L. Stanton, United States District Court Judge. SEC v. Madoff et al., 08 Civ. 10791 (LLS) (the "SEC Action"). This paragraph refers to and attaches at Exhibit B a December 18, 2008 order in which Judge Stanton preliminary enjoined Madoff and BLMIS from transferring assets (the "SEC Freeze").  As the Bail Order, the SEC Freeze, other documents related to the SEC Freeze already appear on the public docket for the SEC Action, the Government consents to the disclosure of both this paragraph and Exhibits A and B.

The second part of the Background section notes that restraints on property transfers set forth in the voluntary restraint agreement between Ruth Madoff and the U.S. Attorney's Office (the "VRA"), are also incorporated into the Bail Order. The substance of the VRA, which is not public, is discussed in the March 6 Letter, and the VRA is attached at Exhibit C.  For the reasons set forth in the Government's *in camera* submission,

The Honorable Denny Chin
March 31, 2009
Page 3

the references in the March 6 Letter to the substantive portions of the VRA, and Exhibit C attaching the VRA, should remain under seal, without prejudice to a future application to unseal that material at a later stage of the proceedings.

B.  The Explanation of Forfeiture Activities That May Implicate the Bail Order Should Be Unsealed in Part.

    The next section of the March 6 Letter begins with a general description of the Government's legal authority to seize and forfeit the proceeds of crime and property involved in money laundering offenses, and provides a series of examples in subparagraphs a-i.  This description is not confidential and the Government has no objection to its unsealing.  The remainder of the section, however, discusses actual, non-public forfeiture actions taken by the Government against one or more specifically identified assets.  For the reasons set forth in the Government's *in camera* submission, this discussion should remain under seal, without prejudice to a future unsealing application by the Government.

C.  The Description of Actions Taken by the Government to Ensure That Its Forfeiture Activities Did Not Violate the Bail Order Should Be Unsealed in Part.

    The final section of the March 6 Letter describes steps the Government has taken to ensure that its forfeiture-related actions do not run afoul of the property transfer restrictions in the Bail Order.  Among other steps, the Government obtained an order entered by Judge Stanton on March 2, 2009 (the "Relief Order"), directing that actions taken by the Government under the federal forfeiture laws with respect to the Madoff's property will not violate the SEC Freeze.  The references to the Relief Order, which appear in the first paragraph of the section, and the relevant attachment at Exhibit E, are not confidential and the Government does not object to their disclosure.  As explained in the remaining two paragraphs of the section on page 5 of the March 6, Letter, the SEC Freeze Order and the VRA could also be read to restrict the Madoffs from cooperating with the Government's efforts to preserve the value of a potentially forfeitable asset in order to maximize recovery for victims.  To allow for such cooperation, Judge Stanton included a relevant provision in the Relief Order, and the parties executed an addendum to the VRA (the "Addendum").  Although the Government does not object to unsealing much of the discussion in the two paragraphs on page 5, those portions that refer to the

The Honorable Denny Chin
March 31, 2009
Page 4

Government's forfeiture actions against specific assets should remain under seal, for the reasons set forth in the Government's *in camera* submission.

## CONCLUSION

The Government does not object to the disclosure of the March 6 Letter and attachments to the extent set forth above and in the redacted version of the March 6 Letter attached to the Government's *in camera* submission. For the reasons set forth in the *in camera* submission, the request by NBA and ABC to make the remaining sealed materials available to the public should be denied.

    Respectfully submitted,

    LEV L. DASSIN
    Acting United States Attorney

By:_____/s_____
    Sharon E. Frase
    Assistant U.S. Attorney
    (212) 637-2329

cc: Ira Lee Sorkin, Esq. (Counsel for the defendant/by e-mail)
    Steven Chung, Esq. (Counsel for NBC/by e-mail)
    Indira Satyendra, Esq. (Counsel for ABC/by email)